CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

DEC 06 2016

JULIA C. DUDLEY, CLERK
BY: HMcDonaee
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL S. OWLFEATHER-GORBEY, ) | Civil Action No. 7:16-cv-00522 |
|    Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| J. BOWLES, et al., ) | By:   Hon. Jackson L. Kiser |
|    Defendants. ) |        Senior United States District Judge |

Michael S. Owlfeather-Gorbey[1], a federal inmate proceeding pro se, commenced this civil action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 389 (1971), by no earlier than November 1, 2016. At the onset of the action, the court permitted Plaintiff to apply to proceed in forma pauperis but advised Plaintiff that such permission would be rescinded if Plaintiff has had three prior cases dismissed as frivolous, malicious, or for failure to state a claim, pursuant to 28 U.S.C. § 1915(g).

Upon review of court records, it appears Plaintiff has had at least three non-habeas civil actions or appeals previously dismissed as frivolous, as malicious, or for failing to state a claim before filing this action. See Owlfeather-Gorbey v. Jackson, et al., No. 2:16-cv-00551, slip op. at 4 (E.D. Va. Sept. 22, 2016) (dismissed for failing to state a claim); Gorbey v. The State of Virginia, et al., No. 2:11-cv-00164, slip op. at 4 (E.D. Va. Mar. 17, 2011) (dismissed for failing to state a claim); Gorbey v. United States, et al., No. 2:08-cv-00121, slip op. at 3-4 (N.D. W. Va. July 7, 2010); see, e.g., Gorbey v. Fed. Bureau of Alcohol, Tobacco, Firearms, & Explosives, et al., No. 5:11-cv-00126, slip op. at 5-10 (N.D. W. Va. Mar. 14, 2012) (M.J., Seibert) (listing 25 cases that qualify as strikes); see also Coleman v. Tollefson, 135 S. Ct. 1759, 1763 (2015) (holding a "strike" dismissal is counted regardless to the timing of a subsequent appeal); McLean

---

[1] Plaintiff's other moniker is Michael Steven Gorbey.

v. United States, 566 F.3d 391, 399 (4th Cir. 2009) (dismissals without prejudice for frivolousness should not be exempted from 28 U.S.C. § 1915(g)).

After reviewing Plaintiff's submissions in this civil action, it is clear that Plaintiff does not demonstrate that he was under any imminent threat of any serious physical injury related to the defendants within the meaning of 28 U.S.C. § 1915(g) when he commenced this action. See, e.g., Chase v. O'Malley, 466 F. App'x 185, 186 (4th Cir. 2012) (noting the prisoner must be seeking relief from and demonstrate a danger that is imminent at the time of filing the complaint); Pettus v. Morgenthau, 554 F.3d 293, 296 (2d Cir. 2009) (noting the complaint must reveal a nexus between the imminent danger it alleges and the claims it asserts to qualify for imminent-danger exception). Plaintiff's repeated reliance on the phrase "imminent danger" is an invocation of a label and conclusion that is not entitled to an assumption of truth. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In the complaint, Plaintiff describes, inter alia, institutional hearings; being held in segregation; a cell assignment on August 18, 2016, that did not result in a fight with another inmate; the prior conditions of his cell; being assigned a top bunk for five weeks until September 6, 2016, despite having a lower bunk pass; not showering for eight days; interrupted access to phone and law library privileges, "adequate" food trays, grievances, and property inventories; and not having a mattress in his cell until 10:00 p.m. In the motion for a temporary restraining order, Plaintiff describes torn clothes and mattresses; his cell being searched; having to wear paper clothes; not having an adequate towel; and a "false" disciplinary charge. Although Plaintiff briefly alleges in the complaint that he has a bacterial infection on his face that is not being treated, Plaintiff has not alleged that the infection is serious or that a defendant is somehow related to that fact. See, e.g., Estelle v. Gamble, 429 U.S. 97, 104 (1976); Pettus, supra. In a later

filed document, Plaintiff complains recited his prior complaints and also about security restraints being applied to tightly in November 2016; being spoken to rudely; "bogus" disciplinary charges; living in a flooded cell between August 18 and September 6, 2016; and wearing paper clothes. Plaintiff further alleges at the end of the document that the pharmacy at his prison "cannot or won't get" his prescriptions for glaucoma, which is worsening. However, Plaintiff does not relate the allegation about the pharmacy to the defendants or claim that issue occurred at the time he filed the complaint.[2] See, e.g., Pettus, supra; Burgess v Conway, 631 F. Supp. 2d 280, 283 (W.D.N.Y. 2009) (recognizing events postdating the complaint do not qualify for the imminent danger exception).

Accordingly, I dismiss the action without prejudice for Plaintiff's failure to pay the filing fee at the time of filing the complaint and dismiss all pending motions as moot. See, e.g., Dupree v. Palmer, 284 F.3d 1234, 1237 (11th Cir. 2002) (reasoning that the filing fee is due upon filing a civil action when in forma pauperis provisions do not apply to plaintiff and that the court is not required to permit plaintiff an opportunity to pay the filing fee after recognizing plaintiff is ineligible to proceed in forma pauperis).

ENTER: This __6th__ day of December, 2016.

*[signature]*
Senior United States District Judge

---

[2] To the extent Plaintiff wants to bring claims about the allegedly withheld prescriptions or bacterial infection, he, of course, can commence a new and separate civil action by filing a complaint that conforms to the Federal Rules of Civil Procedure and names a proper defendant.

3

Case 7:16-cv-00522-JLK-RSB   Document 14   Filed 12/06/16   Page 3 of 3   Pageid#: 73